UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ANN ICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00092-RLY-MPB |
| | ) | |
| GIBSON COUNTY COMMISSIONERS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
AND ORDER ON OUTSTANDING MOTIONS**

This matter is before the Court on six outstanding motions. The Honorable Richard L. Young has referred this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on three of these matters: (1) Defendant's Gibson County Commissioners *Motion for Judgment on the Pleadings* ([Docket No. 40](#)); (2) Plaintiff's Ann Ice *Amended Motion for Leave to File Amended Complaint to Conform to the Evidence* ([Docket No. 44](#)); and (3) Plaintiff's *Amended Motion to Strike Motion for Judgment on the Pleadings* ([Docket No. 45](#)). ([Docket No. 67](#)). The undersigned will provide recommendations on each of these motions, separately, below. Three other motions have been referred to the Magistrate Judge: (1) Defendant's *Motion to Show Cause* ([Docket No. 38](#)); Plaintiff's *First Motion to Make Report of Conduct to Court and Request for Equitable and Remedial Relief Pursuant to Inherent Power of this District Court* ([Docket No. 56](#)); and Defendant's *Motion for Extension of Time to File Response to* [[Docket No. 56](#)] ([Docket No. 58](#)).[1]

---

[1] After filing this request, the Commissioners filed a timely response to [Docket No. 56](#). ([Docket No. 60](#)). Thus, the Commissioners' motion is **DENIED as moot**. ([Docket No. 58](#)).

Plaintiff Ms. Ice was the Education Coordinator for the Gibson County Soil and Water Conservation District ("SWCD"). She brings this matter against Defendant Gibson County Commissioners ("the Commissioners") alleging that after more than sixteen (16) years of employment, she was wrongfully terminated in July of 2017. (Docket No. 1 at ECF p. 3, 7). Ms. Ice alleges age discrimination, Family Medical Leave Act violations ("FMLA"), and retaliation claims. (*Id.*).

I. **Motion to Strike Motion for Judgment on the Pleadings** (Docket No. 45)

Before the undersigned addresses the *Motion for Judgment on the Pleadings* (Docket No. 40), Ms. Ice's *Motion to Strike Motion for Judgment on the Pleadings* (Docket No. 45) must be considered. Ms. Ice asks this Court to strike or summarily deny the motion for the judgment on the pleadings for its failure to follow Local Rule 7-1(b)(1).

Local Rule 7-1(b)(1) provides that motions for judgment on the pleadings under Fed. R. Civ. P. 12 must be accompanied by a supporting brief. The Commissioners' *Motion for Judgment on the Pleadings* does not have a supporting memorandum. Ms. Ice requests strict enforcement of the local rule. (Docket No. 45 at ECF p. 2, citing *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has "repeatedly held the strict enforcement of [the local] rules")). But, the Court has great discretion in applying its own rules. *See* S.D. Ind. Local Rule 1-1(c). *See also*, *Stevo v. Frasor*, 662 F.3d 880 (7th Cir. 2011) ("[W]e have repeatedly held that district judges are entitled to insist on strict compliance with local rules . . . We have not endorsed the very different proposition that litigants are entitled to expect strict enforcement by district judges.") (internal citation omitted).

The Commissioners' failure to separate its *Motion for Judgment on the Pleadings* into a motion and a supporting memorandum is not prejudicial. The Commissioners' factual and legal

2

analysis within its motion is in keeping with the spirit of the local rule. It is in the best interest of this case to consider the Commissioners' motion as filed. Thus, the undersigned **recommends** that Ms. Ice's *Motion to Strike Motion for Judgment on the Pleadings* ([Docket No. 45](#)) be **DENIED.**

## II. **Motion for Judgment on the Pleadings** ([Docket No. 40](#))

On May 29, 2019, the Commissioners filed a *Motion for Judgment on the Pleadings* pursuant to [Fed. R. Civ. P. 12(c)](#). ([Docket No. 40](#)). Ice filed a timely response. ([Docket No. 42](#)). No reply was filed. The undersigned **recommends** that the Commissioners' motion be **DENIED.**

Either party may move for judgment on the pleadings "[a]fter the pleadings are closed— but early enough not to delay trial." [Fed. R. Civ. P. 12(c)](#). A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law. *[Flora v. Home Fed. Savings & Loan Ass'n](#)*, 685 F.2d 209, 211 (7th Cir. 1982). "The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party." *[Nat'l Fidelity Life Ins. Co. v. Karaganis](#)*, 811 F.2d 357, 358 (7th Cir. 1987). The court is not bound by the nonmovant's legal characterizations of the facts. *[Id.](#)* In considering this motion, therefore, we assume the facts as alleged by Ms. Ice, as set forth in the current operative complaint, to be true. *See [id.](#)*

Ice was an employee of the Commissioners working in the USDA Service Venter for the Gibson County Soil and Water Conservation District ("SWCD") for more than sixteen (16) years. ([Docket No. 1 at ECF p. 3](#), ¶¶6–7). The SWCD is supervised and managed by Defendant, the Gibson County Commissioners. ([Docket No. 1 at ECF p. 1](#), ¶2).

Ice began experiencing work-related stress and anxiety in December of 2014. ([Docket No. 1 at ECF p. 3](), ¶ 11). Her medical issues continued to worsen and on January 14, 2017, she was transported by ambulance to the St. Mary's Hospital Emergency Room experiencing chest pains. ([Docket No. 1 at ECF p. 5](), ¶ 22). After this episode, Ice stopped attending board meetings due to her work-related stress. (*Id.* at ¶ 24). On January 20, 2017, she filed an EEOC Charge of Discrimination against the Commissioners, the SWCD Board, and federal employee, Travis Gogel. (*Id.* at ¶ 25).

On June 13, 2017, the SWCD notified Ice her hours changed (*Id.* at ECF p. 6, ¶28) and also instructed her to not work for the rest of the week (June 14-16) because she had already met the requisite hours for the pay period. (*Id.* at ¶ 30). On June 23, 2017, the SWCD convened in an executive meeting where they presumably discussed that Ice did not work June 14-16, 2017. (*Id.* at ¶ 31). Ice returned to work on June 27, 2017, and was suspended without pay for three (3) days due to not appearing for work June 14-16, 2017. (*Id.* at ¶ 32).

Ice requested FMLA paperwork from the Gibson County Auditor's Office on July 13, 2017 ([Docket No. 1 at ECF p. 7](), ¶ 35). Ice completed the paperwork and returned it to the Auditor's Office by July 18, 2017. (*Id.* at ¶ 37). An employee in the Auditor's Office informed Ice that there was insufficient time to add the FMLA request to the Commissioners' July 18, 2017, meeting agenda for approval. (*Id.* at ¶ 38). Ice was terminated on July 28, 2017 by SWCD Board Chairman, Matt Michel and SWCD Supervisor, Kenny Page. ([Docket No. 1 at ECF p. 3](), ¶¶ 7–8). She was replaced by a younger candidate. ([Docket No. 1 at ECF p. 4](), ¶ 16, n. 1). She filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on December 15, 2017. ([Docket No. 1 at ECF p. 2](), ¶ 5). She filed this suit on May 14, 2018, alleging discrimination under the Age Discrimination in Employment Act ("ADEA") ("Count

I"), a violation of the Family Medical Leave Act ("FMLA") ("Count II"), and retaliation because she engaged in activities protected by the ADEA and FMLA ("Count III").

The Commissioners argue that Ice admits that SWCD members terminated her from employment, but that subsequent depositions have "indisputably [established] that the Board of Soil and Water Conservation District is a state-created agency and is not overseen by the Board of Commissioners of the County." (Docket No. 40 at ECF p. 1). The Commissioners argue that Ice concedes that Indiana law establishes the Soil and Water Conservation District for Gibson County as a governmental subdivision of the State of Indiana pursuant to Ind. Code § 14-32-5-1, although Ice was designated as a County employee pursuant to Ind. Code § 14-32-4-18. (*Id.* at ECF p. 2). The Commissioners argue that, given this concession, and that the Complaint alleges discrimination by SWCD—the Commissioners are entitled to judgment on the pleadings in its favor. (*Id.* at ECF p. 3).

Ice argues the Commissioners' motion should fail because it looks beyond the allegations contained in the Complaint and the Answer, or those documents' attachments—an impermissible exercise for a Rule 12(c) motion. (Docket No. 42 at ECF p. 2). Thus, Ice argues if the Court is going to consider the Commissioners' motion at all it should be converted to a Motion for Summary Judgment under Rule 56. (Docket No. 42 at ECF p. 4). But, even under that standard, Ice argues, the motion fails as it does not meet the substantive or procedural requirements of Local Rule 56-1 or Fed. R. Civ. P. 56. (*Id.* at ECF pp. 4–5). Ice further argues that the Commissioners' argument lacks substantive merit because it assumes that there is not an agency relationship between the Commissioners and the SWCD supervisors. (Docket No. 42 at ECF p. 6). The Commissioners do not reply to Ms. Ice's arguments.

5

The Commissioners' motion for a judgment on the pleadings is unpersuasive. In its answer, the Commissioners admit that they are "responsible for the supervision and management of the [SWCD]." (Docket No. 1 at ECF p. 1, ¶ 2; Docket No. 9 at ECF p. 9 ¶ 2). The Commissioners also admit that Ms. Ice "was an employee of the Commissioners working in the USDA Service Venter for the SWCD." (Docket No. 9 at ECF p. 2 ¶ 6; Docket No. 1 at ECF p. 3 ¶ 6). Several of the Commissioners' affirmative defenses aver, among other defenses, that its "actions regarding Plaintiff's employment were taken for legitimate, non-discriminatory reasons" (Docket No. 9 at ECF p. 7, ¶ 2); "treatment of Plaintiff was in compliance with federal and state laws" (*Id.* at ¶ 4); and "actions were job-related and consistent with business necessity." (*Id.* at ECF p. 10, ¶ 8). The undersigned understands that the Commissioners draws a distinction between *employing* Ms. Ice, which it admits it did, and making the decision to *terminate* Ms. Ice, which it admits that SWCD Board Chairman, Matt Michel and SWCD Supervisor, Kenny Page did. (Docket No. 1 at ECF p. 3, ¶ 8; Docket No. 9 at ECF p. 2, ¶ 8). But the Commissioners have already admitted, whether the evidence supports or not, that it is responsible for the supervision and management of the SWCD. What the evidence post-pleadings shows is beyond the scope of a motion for judgment on the pleadings. *See Nat'l Fidelity Life Ins. Co.*, 811 F.2d at 358. The pleadings, viewed in the light most favorable to Ms. Ice, show that she was employed by the Commissioners, that she was terminated by the SWCD Board Chairman and SWCD Supervisor, and that the Commissioners was responsible for the supervision and management of the SWCD.

Federal Rule of Civil Procedure 12(c) provides that if a motion for judgment on the pleadings presents matters outside the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." The decision of

whether to convert a motion to dismiss for summary judgment is left to the discretion of the court. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1989). The undersigned declines to do so. The evidence has not been presented in a manner consistent with the Fed. R. Civ. P. 56 and S.D. Ind. Local Rule 56-1. For these reasons the undersigned recommends that the Commissioners' *Motion for Judgment on the Pleadings* (Docket No. 40) be **DENIED**.

III. **Amended Motion for Leave to File Amended Complaint to Conform to the Evidence** (Docket No. 44)

On June 13, 2019, Ms. Ice filed an *Amended Motion for Leave to File Amended Complaint to Conform to the Evidence* pursuant to Rule 15(a). (Docket No. 44).[2] The Commissioners filed a response in opposition. (Docket No. 49). Ms. Ice filed a reply. (Docket No. 50). For the reasons that follow the undersigned **recommends** Ms. Ice's motion be **DENIED**.

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although denials of motions to amend pleadings are, therefore, disfavored, the court may deny such a motion when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (alteration omitted) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

---

[2] Ms. Ice cites Rule 15(a) as the basis for her motion, but captions the motion as one to conform the pleadings to the evidence. Rule 15(b) governs requests to conform the pleadings to the evidence, but only during and after trial. Thus, the undersigned applies the Rule 15(a) standard to Ms. Ice's request.

7

Although the standard for granting leave to amend under Rule 15 is liberal, it must be reconciled with the court's set deadlines in the scheduling order as governed by Federal Rule of Civil Procedure 16(b). *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 16(b), a pleading can only be amended after the expiration of the court's scheduling order deadline to amend pleadings "for good cause." Fed. R. Civ. P. 16(b)(4). In reconciling these two rules, the Seventh Circuit has held that it is proper for a court to first consider whether the moving party meets the heightened "good cause" standard under Rule 16(b)(4) before examining whether the party meets the requirements of Rule 15. *Alioto*, 651 F.3d at 719. If "good cause" is shown under Rule 16(b)(4), the court may then determine if the amendment is proper under Rule 15(a). *See Riggins v. Walter*, 279 F.3d 422, 428 (7th Cir. 1995) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)) ("[The] court must find good cause for amendment under Rule 16(b) before considering propriety of amendment under Fed. R. Civ. P. 15.").

The movant bears the burden of showing good cause. *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). ("[A] party must show that despite their diligence the time table could not have reasonably been met."). Rule 16's "good cause" standard for leave to amend "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson*, 975 F.2d at 609). The Seventh Circuit has held that the requisite diligence is not established if delay is shown and the movant provides no reason, or no good reason, for the delay. *See Alioto*, 651 F.3d at 719; *see also Edmonson v. Desmond*, 551 F. App'x 280, 282 (7th Cir. 2014) ("[Movant] has not offered any reason, let alone a good one, why he waited more than a month after the close of discovery to file his motions to amend.").

8

Here, Ms. Ice seeks to amend the complaint to conform the factual allegations to the evidence. (Docket No. 44 at ECF p. 1). Ms. Ice argues she satisfies Rule 15 because she has not repeatedly failed to cure defects, she is not acting with a dilatory motive, and has not unduly delayed—moving to amend only forty-three days after discovery closed. (*Id.* at ECF p. 2). Ms. Ice also argues that the Commissioners will not be prejudiced as the amendments merely conform to the evidence. (*Id.* at ECF p. 3). The Commissioners opposes the request pointing out the deadline to amend pleadings and/or to join additional parties was October 14, 2018. (Docket No. 49 at ECF p. 1). With discovery long closed and dispositive motions deadlines approaching,[3] the Commissioners argues that liability discovery would have to be reopened and the remaining deadlines extended, yet again. (*Id.* at ECF p. 2). The Commissioners argues, albeit without qualification, that it will be prejudiced if Ms. Ice's request is granted. (*Id.*).

Ms. Ice does not cite nor argue that she has met the Rule 16 "good cause" standard, which the Court is to evaluate before moving on to the more liberal Rule 15(a) standard. The Seventh Circuit has found insufficient reason for the party's delay in numerous cases. For example, the court found that unreasonable delay existed when a movant attempted to amend its complaint more than eight months beyond the district court's deadline for leave to amend and on the last day for filing a response to defendant's motion to dismiss. *See Alioto*, 651 F.3d at 720; *see also Edmonson*, 551 F. App'x at 282 (finding delay where more than three months had passed since opposing party had answered, and the deadlines for discovery and dispositive motions had passed); *Carroll v. Stryker Corp.*, 658 F.3d 675, 684 (7th Cir. 2011) (finding delay

---

[3] Since the Commissioners' filing several of the deadlines that have yet to expire, including the dispositive motion deadline, have been extended. (Docket No. 64)

seven months after the deadline for amending the pleadings and less than a month before the close of discovery).

Like *Alioto*, Ms. Ice has moved to amend her complaint eight months beyond the deadline for leave to amend. Moreover, like *Alioto*, where the Plaintiff waited until the last day for filing a response to defendants' motion for judgment on the pleadings, here Ms. Ice filed her motion to amend the day after the deadline to respond to the Commissioners' motion for judgment on the pleadings. It is clear that Ms. Ice delayed in filing this motion and must show good cause as to why leave to amend its complaint should be granted. *E.F. Transit Inc. v. Ind. Alcohol and Tobacco Comm'n*, No. 1:13-cv-01927-WTL-MJD, 2015 WL 3631742, at *3 (S.D. Ind. June 10, 2015).

Ms. Ice's explanation of why she was not diligent does not pass muster. She does not even acknowledge the deadline to amend her complaint in her opening brief. Ms. Ice filed her motion to amend nearly *eight months* after the deadline to amend (October 14, 2018) had passed. (Docket No. 14 at ECF p. 4). Ms. Ice argues she did not first learn of her erroneous presumption of agency between the Commissioners and SWCD until the March 4, 2019, depositions. However, the relationship between Gibson County, the Soil and Water Conservation District, and Ms. Ice was discernible by Indiana statute. *See* Ind. Code § 14-32-4-18(a)(1) (providing the supervisors of a Soil and Water Conservation District may employ necessary personnel subject to IC 36-2-5-3 and IC 36-2-5-7); *see also* Ind. Code § 36-2-5-3(a)(1) (providing that the county fiscal body shall fix the compensation of employees whose compensation is payable by the county (through various named funds) and providing that the county fiscal body has the power to—among other tasks—fix the number of employees and describe/classify positions). Even if Ms. Ice's argument is accepted that the depositions were necessary to identify that SWCD

10

needed to be separately named from the Commissioners in this suit, the three-month delay from March 4, 2019, when those depositions were taken and June 13, 2019, does not constitute the diligence required by Rule 16(b).

Ms. Ice's reliance on the April 28, 2019 ex parte interview with David Weber, a former supervisor of the Board of Soil and Water Conservation District, as a basis for her late-filed motion is also unpersuasive. (Docket No. 50 at ECF p. 2).[4] In separate briefing, Ms. Ice's counsel indicated he was aware that his agency argument was erroneous prior to his ex parte meeting with Mr. Weber. (Docket No. 39 at ECF p. 24) ("Following the depositions of Bledsoe and Page [on March 4], and at the time the undersigned counsel conducted the ex parte interview of David James Weber, the undersigned counsel was aware of the fact that the [SWCD] was a political subdivision of the State of Indiana and not in any way an agent of Gibson County Commissioners."). Moreover, Ms. Ice has taken a laggard approach to discovery in this matter since its inception. The Court entered a Case Management Plan on August 8, 2018, setting a March 14, 2019, discovery deadline. (Docket No. 14). Nonetheless, Ms. Ice filed a belated extension to that deadline on March 22, 2019, noting that she did not serve interrogatories or requests for production on Defendants until February 8, 2019. (Docket No. 26 at ECF p. 1). Over the Commissioners' objection, the Court granted Ms. Ice's request and extended the discovery deadline to April 30, 2019. (Docket No. 28). Despite receiving the extension Ms. Ice made no effort to schedule any additional depositions until April 26, 2019, when counsel emailed Commissioners' counsel regarding the need to take Mr. Weber's deposition. (*Id.*; Docket No. 33 at ECF p. 1). Commissioners' counsel declined on the basis that her schedule would not

---

[4] Whether it was appropriate for Ms. Ice's counsel to meet with Mr. Weber ex parte is an issue for a later-addressed motion. For the purposes of this motion the undersigned assumes Mr. Weber's affidavit was properly obtained.

11

accommodate depositions within the two business days prior to the discovery deadline. (Docket No. 33 at ECF p. 1).

Ms. Ice's counsel interviewed Mr. Weber, ex parte, on Sunday, April 28 and on Monday, April 29, 2019, Ms. Ice again requested an extension to the discovery deadline to depose Mr. Weber. (Docket No. 28). Mr. Weber had been listed on the Commissioners' witness list since September 28, 2018. (Docket No. 17). That request was denied. (Docket No. 37). Ms. Ice cannot use from the April 28, 2019 interview of Mr. Weber to her filing of the instant request as "diligence" for this request when her approach to discovery since its inception created the eleventh-hour requests. Even considering from April 28, 2019, interview of Mr. Weber to the June 13, 2019, the Court does not find the forty-six-day delay to constitute "reasonable diligence."[5]

Given the Rule 16 standard has not been met, the undersigned need not consider whether the Rule 15(a) standard would be met. For these reasons, the undersigned **recommends** Ms. Ice's *Motion for Leave to file Amended Complaint to Conform to the Evidence* (Docket No. 44) be **DENIED**.

IV. **Motion to Show Cause** (Docket No. 38)

On May 14, 2019, the Commissioners filed a *Motion to Show Cause* requesting this Court issue an order requiring Ms. Ice to show cause regarding her counsel's ex parte meeting with a witness that he believed to be an agent of the Defendant. (Docket No. 38). Ms. Ice filed a

---

[5] Ms. Ice alleges her discovery attempts past April 30, 2019, were thwarted by the Commissioners. (Docket No. 50). Those allegations, which are addressed as part of the Court's consideration of a separate motion, below, are irrelevant to this request given that these discovery attempts were past the discovery deadline and add no value to the reasonable diligence analysis.

response. (Docket No. 39). The period for a reply passed without filing. For the reasons that follow, the Court **DENIES** the Commissioners' request.

Show-cause motions have historically served two purposes. *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 695 (7th Cir. 2010). First, show-cause motions were a way to bring matters to the district court more readily than other methods of presentment prior to the Federal Rules of Civil Procedure. *Id.* (*citing* 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1195 (3d ed. 2004). Second, the granting of a show-cause motion provided notice to the nonmoving party of what he must do to avoid additional court action, such as the issuance of an injunction or writ. *Id.* A show-cause motion asks the district court to issue an order requiring the nonmovant to show the court why the court should not take some other action. *Id.* "In other words, the show cause-order satisfies the due-process notice requirement by giving the nonmoving party notice of his opportunity to respond *before the substantive request for relief is entertained*." See *U.S. S.E.C.*, 621 F.3d at 695 (citing *Mercer v Mitchell*, 908 F.2d 763, 766–68 (11th Cir. 1990)) (emphasis added).

The Federal Rules of Civil Procedure declined to incorporate the show cause procedure into the modern procedural code. *Id. See also Application of Tracy*, 106 F.2d 96, 98 (2d Cir. 1939) ("The new Federal Rules of Civil Procedure attempt to limit to a minimum these unnecessary formalities which take up the time of judges and add nothing of value to the proceedings.").

Here, the Commissioners ask the Court to issue a show cause order "requiring Plaintiff['s counsel] to show cause regarding his ex parte meeting with a witness he believed to be an agent of the Defendant." (Docket No. 38 at ECF p. 1). As referenced above, after the Commissioners' counsel declined to schedule depositions with only two business days' notice before the close of

13

the discovery deadline, Plaintiffs' counsel met with David Weber, a former supervisor of the Board of Soil and Water Conservation District, ex parte, on Sunday, April 28, 2019. ([Docket No. 39 at ECF p. 1](#)). At the end of the meeting Plaintiff's counsel obtained Mr. Weber's affidavit. (*Id.*). The Commissioners argue that based on Plaintiff's counsel's understanding of the facts, he was in apparent violation of the Rules of Professional Conduct by meeting with an agent of the County, ex parte. (*Id.*). The Commissioners does not cite which Rule they believe was violated nor, more significantly, does the Commissioners provide notice as to what court action it is requesting if Ms. Ice does not properly show cause.

The Court declines to issue a show cause order. It would be improper to issue a show cause order with no substantive request for relief to be considered if Ms. Ice failed to show cause. Moreover, it would be improper for this Court to assess in a vacuum whether this interview and resulting affidavit were properly obtained. The Federal Rules of Civil Procedure, Federal Rules of Evidence, the local rules, and the general procedures and practices of this court provide parties with the necessary mechanisms to seek to exclude inadmissible evidence when a party seeks to admit evidence to the Court in support of a dispositive issue (i.e., in summary judgment briefing or at trial). It would be inappropriate to make a peremptory determination. *See [Application of Tracy](#)*, 106 F.2d at 98. ("Here the order to show cause on the motion to quash was simply a somewhat peremptory notice of motion[.] . . . Since such orders to show cause serve only to confuse, judges might well decline to sign them except when really required by or justified under binding rules of procedure.").

For these reasons, the Court **DENIES** the Commissioners' *Motion to Show Cause* ([Docket No. 38 at ECF p. 1](#)).

V.  **Motion to Make Report of Conduct to Court and Request for Equitable and Remedial Relief Pursuant to the Inherent Power of this District Court**
([Docket No. 56](#))

Finally, on July 8, 2019, Ms. Ice filed a *Motion to Make Report of Conduct to Court and Request for Equitable and Remedial Relief Pursuant to the Inherent Power of this District Court* ([Docket No. 56](#)). The motion is fully briefed. ([Docket No. 60](#); [Docket No. 61](#)). For the reasons that follow the Court **DENIES** Ms. Ice's request.

Ms. Ice requests that this Court entered an order directing the Defendant to not otherwise obstruct or otherwise attempt to interfere with the Plaintiff's attempts and efforts to interact with witnesses for the purpose of this trial. ([Docket No. 56 at ECF p. 9](#)). Ms. Ice also requests she be allowed to take the depositions of David James Weber, Mary Weber, and Attorney James McDonald. (*Id.*).

When Mr. Weber appeared at Ms. Ice's counsel's firm for the ex parte interview, he appeared with his wife, who happened to be employed by Attorney James McDonald who has served as the Commissioners' attorney since January 1, 2009. ([Docket No. 56 at ECF p. 4](#); [Docket No. 60-1 at ECF p. 1](#)). Ms. Ice's counsel indicates that he interviewed Mr. Weber outside of Mr. Weber's wife's presence. Mr. Weber stated that Mr. McDonald did not represent him. Ms. Ice's counsel interviewed Mr. Weber and prepared an affidavit, which Mr. Weber signed. (*Id.*). Because the affidavit was not notarized, on Tuesday, April 30, Ms. Ice's counsel contacted Mr. Weber to inquire about meeting to execute a second affidavit. ([Docket No. 56 at ECF p. 8](#)). Ms. Ice's counsel indicates that Mr. Weber "expressed a reluctance to meet" and stated that Mr. McDonald had instructed Mr. Weber's wife to inform Mr. Weber not to speak to Plaintiff's counsel anymore. ([Docket No. 56 at ECF p. 8](#)).

The Commissioners provide no argument in response to the motion. It merely submits a signed, un-notarized affidavit from Mr. McDonald that avers, among other things, that Mr. McDonald did not have any direct conversations with Mr. Weber about communicating with Ms. Ice's counsel. ([Docket No. 60-1 at ECF p. 2](), ¶11). Plaintiff replies she does not complain of direct communications, but it is obvious that Mr. McDonald "chilled" Mr. Weber's cooperation with Plaintiff's counsel while discovery was still open. ([Docket No. 61 at ECF p. 4]()). Thus, Plaintiff would like an order directing the Commissioners, specifically Mr. McDonald, to not obstruct or otherwise attempt to interfere with Plaintiff's attempts and efforts to interact with witnesses for the purposes of this litigation. (*Id.* at ECF p. 5).

In essence, Ms. Ice is requesting that this Court reopen discovery so that Ms. Ice can take the aforementioned depositions and that this Court issue an Order restricting Mr. McDonald's actions in this litigation moving forward. The Court finds Ms. Ice's requested relief improper for numerous reasons. First, Ms. Ice fails to cite any legal authority that her request is a proper use of the Court's inherent authority. While courts "are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates," *[Anderson v. Dunn]()*, [6 Wheat. 204, 227, 5 L.Ed. 242 (1821)](), "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *[Chambers v. NASCO, Inc.]()*, [501 U.S. 32, 44 (1991)](). The Court discerns no basis for exercising its inherent authority to supplant the numerous mechanisms available pursuant to the Federal Rules of Civil Procedure to resolve discovery disputes. Ms. Ice's requests are best summarized as discovery disputes as they allege wrongdoings during the discovery process. The Court declines to extend its inherent authority to these issues.

Second, Ms. Ice argues that Mr. Weber was "chilled" from speaking to her counsel again on April 30, 2019, despite the fact that discovery was still open. ([Docket No. 61 at ECF p. 4](#)). Yet, there was no requirement that Mr. Weber speak with Plaintiff's counsel. As counsel himself alluded, he could have filed a subpoena pursuant to [Federal Rule of Civil Procedure 45](#). Regardless of whether there would have had been a justifiable basis to move to quash the subpoena, without one's issuance Mr. Weber was not required to meet with Ms. Ice's counsel.

Third, insofar as Ms. Ice seeks an order on future, hypothetical activities in this litigation, the Court denies that request on the grounds that the Court does not issue advisory opinions. *See [Novelty, Inc. v. Mountain View Marketing, Inc.](#)*, No. 1:07-cv-01229-SEB-JMS, 2009 WL 10687825, at *2 (S.D. Ind. Oct. 15, 2009) ("[I]nsofar as Plaintiff seeks permission to serve hypothetical future discovery requests, to Defendants or to third-parties, the Court denies that request on the grounds that the Court does not issue advisory opinions.").

Finally, Ms. Ice alleges Mr. McDonald engaged in other improper acts with regards to the March 4, 2019, depositions. ([Docket No. 56 at ECF pp 8](#)–9). If Ms. Ice believed that the Commissioners took improper actions during discovery the time to raise those issues has since passed. Again, the Federal Rules of Civil Procedure provide numerous mechanisms for relief of alleged discovery violations (i.e., via Rule 37). Parties cannot supplant those rules by attempting to, vaguely, employ the Court's inherent power and Ms. Ice has provided no other authority to convince the Court otherwise.

For those reasons, the Court **DENIES** Plaintiff's *Motion to Make Report of Conduct to Court and Request for Equitable and Remedial Relief Pursuant to the Inherent Power of this District Court* ([Docket No. 56](#)).

## VI. Conclusion

In sum, the undersigned makes the following recommendations:

1. Defendant's *Motion for Judgment on the Pleadings* ([Docket No. 40](#)) be **DENIED**;
2. Plaintiff's *Amended Motion for Leave to File Amended Complaint to Conform to the Evidence* ([Docket No. 44](#)) be **DENIED**; and
3. Plaintiff's *Motion to Strike Motion for Judgment on the Pleadings* ([Docket No. 45](#)) be **DENIED**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with [28 U.S.C. § 636(b)(1)](#). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED.**

And, in sum, the Court **ORDERS**:

1. Defendant's *Motion to Show Cause* ([Docket No. 38](#)) is **DENIED**;
2. Plaintiff's *First Motion to Make Report of Conduct to Court and Request for Equitable and Remedial Relief Pursuant to the Inherent Power of this District Court* ([Docket No. 56](#)) is **DENIED**; and
3. Defendant's *Motion for Extension of time to Respond to* [[Docket No. 56](#)] ([Docket No. 58](#)) is **DENIED as moot.**

**SO ORDERED.**

Date: 10/21/2019

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF registered counsel of record.